<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MOHAMMED NASIM,<br><br>    Plaintiff,<br><br>    v.<br><br>NEW JERSEY TRANSIT CORPORATION *et al.*,<br><br>    Defendants. | No. 24cv5660 (EP) (MAH)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

Plaintiff Mohammed Nasim ("Plaintiff") moves, unopposed, to remand this case to state court pursuant to 28 U.S.C. § 1447. D.E. 14-1 ("Mot."). Plaintiff's motion will be **GRANTED** and the case will be **REMANDED**.

**I.    BACKGROUND**

Plaintiff filed his First Amended Complaint in New Jersey Superior Court, Law Division, Essex County against New Jersey Transit Corp. ("NJT"), Richard James Chaefer ("Chaefer"), National Railroad Passenger Corp. d/b/a Amtrak ("Amtrak"), and fictitious individuals and entities, alleging various state law causes of action broadly relating to allegations of employment discrimination and retaliation. D.E. 1 at 11-35.

Amtrak filed a notice of removal pursuant to 28 U.S.C. §§ 1331, 1349, invoking this Court's original jurisdiction as Amtrak is a federally-chartered stock corporation and the United States owns more than one-half of Amtrak's capital stock. D.E. 1 at 1-5 (citing 49 U.S.C. §§ 24301, *et seq.*; *Hollus v. Amtrak Ne. Corridor*, 937 F. Supp. 1110, 1113-14 (D.N.J. 1996), *aff'd*, 118 F.3d 1575 (3d Cir. 1997) ("Because a majority of the capital stock of Amtrak is owned by the

United States, the federal courts have subject matter jurisdiction over any action involving Amtrak.")).

After Amtrak properly removed the action to this Court, Plaintiff voluntarily dismissed Amtrak without prejudice. D.E.s 12, 16. Plaintiff then filed a motion to remand, arguing that the Court no longer has subject matter jurisdiction now that Amtrak is no longer in the case. Mot. The Court deems the motion unopposed as Defendants have not filed a timely opposition.

## II.     LEGAL STANDARD AND ANALYSIS

A case removed from state court shall be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). "The removing party . . . carries a heavy burden of showing that at all stages of the litigation the case is properly before the federal court." *Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009) (internal citations omitted). Removal statutes should be "strictly construed against removal and all doubts should be resolved in favor of remand." *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (cleaned up).

The Court has federal question subject matter jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Additionally, if a defendant is incorporated by or under an Act of Congress, and if the United States owns more than one-half of its capital stock, the Court has subject matter jurisdiction over any civil action against such corporation. 28 U.S.C. § 1349.

Now that Amtrak is no longer a party to the case, Plaintiff moves to remand arguing that the Court lacks subject matter jurisdiction. Mot. The Court agrees that there is no subject matter jurisdiction under Sections 1331 or 1349 now that Amtrak has been dismissed and the only claims are state law claims. The Court's subject matter jurisdiction would therefore need to be based on diversity.

The Court has diversity subject matter jurisdiction over all civil actions where there is complete diversity between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). For purposes of diversity jurisdiction, an individual's citizenship is synonymous with his domicile, which is his "'true, fixed and permanent home and place of habitation.'" *Park v. Tsiavos*, 165 F. Supp. 3d 191, 198 (D.N.J. 2016) (quoting *Vlandis v. Kline*, 412 U.S. 441, 454 (1973)). A corporation's citizenship, for diversity purposes, is both its state of incorporation and where it has its principal place of business. § 1332(c)(1).

Here, NJT and Chaefer are New Jersey citizens as NJT has a principal place of business in New Jersey and Chaefer resides in New Jersey. D.E. 1 at 12. Plaintiff erroneously argues he is a New Jersey citizen because he works in New Jersey. Mot. at 3. However, Plaintiff is a Pennsylvania citizen because he resides in Pennsylvania. D.E. 1 at 11. Although there is complete diversity, no party has alleged that the amount in controversy is over $75,000. Therefore, the heavy burden to demonstrate why this case is properly before the Court has not been met.[1]

---

[1] The Court also notes that had Amtrak been dismissed when this action was in state court, the case could not have been removed by the remaining defendants on the basis of diversity under the forum defendant rule because NJT and Chaefer are New Jersey citizens. § 1441(b)(2) (if a civil action is removable solely on diversity jurisdiction under Section 1332(a), it "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought"). However, this is not a basis to remand the action now since removal was proper at the time Amtrak filed its notice of removal and Section 1441(b)(2) does not work retroactively after a proper removal. *See Dirauf v. Berger*, 506 F. Supp.3d 254, 268 n.9 (D.N.J. 2020) (citing *Devore v. Transp. Tech. Corp.*, 914 F. Supp. 335, 357 (W.D. Mo. 1995)), *aff'd*, 57 F.4th 101 (3d Cir. 2022).

### III. CONCLUSION AND ORDER

**IT IS**, therefore, on this **8th** day of **July** 2024,

**ORDERED** that Plaintiff's motion to remand, D.E. 14, is **GRANTED**; and it is further

**ORDERED** that this case is **REMANDED** to the New Jersey Superior Court, Law Division, Essex County.

s/ Evelyn Padin

Evelyn Padin, U.S.D.J.